# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM S32638 (f rev)**

_____

**UNITED STATES**
*Appellee*

**v.**

**Devin W. GRIFFIN**
Airman (E-2), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*[1,2]

Decided 19 August 2020

_____

*Military Judge:* Sterling C. Pendleton.

*Sentence*: Sentence adjudged on 21 November 2019 by SpCM convened at Goodfellow Air Force Base, Texas. Sentence entered by military judge on 5 December 2019: Bad-conduct discharge, reduction to E-1, and a reprimand.

*For Appellant:* None.[3]

_____

[1] All references in this opinion are to the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*).

[2] On 16 March 2020, this court remanded this case to The Judge Advocate General for a determination as to whether (1) Appellant desired appellate representation; (2) whether Appellant desired to waive his right to appellate review; and (3) Appellant was served the record of trial in compliance with Rule for Courts-Martial (R.C.M.) 1112(e).

[3] On 4 May 2020, Appellant sent a text message to the law office superintendent, 17th Training Wing, Goodfellow Air Force Base, Texas, acknowledging receipt of the record of trial, waiving his right to appellate representation, and purporting to waive appellate review. The text message waiving appellate review is not in compliance with R.C.M. 1115(d) as it (1) did not state Appellant and a defense counsel discussed his rights to appellate review, the effect of the waiver, and that Appellant understood those

*For Appellee:* Captain Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, D. JOHNSON, and CADOTTE, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

The findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.[4] Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

matters; (2) did not state the waiver was submitted voluntarily; and (3) was not signed by Appellant and a defense counsel. *See also* 2019 *MCM*, App. 13, at A13-1–2 (*Waiver/Withdrawal of Appellate Rights in General and Special Courts-Martial Subject to Review by a Court of Criminal Appeals* form). As such, we conducted appellate review pursuant to Article 66(d), UCMJ, 10 U.S.C. § 866(d).

[4] We note the Statement of Trial Results in this case failed to include the command which convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has made no claim of prejudice and we find none. *See United States v. Moody-Neukom,* No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).